IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANK GENER-VILLAR D/B/A
Gener Advertising,

Plaintiff,

v.                                                    CIVIL NO. 03-1306 (FAB/CVR)

ADCOM GROUP, INC.,
Debbie Alonso, President
SUPERMERCADO MR. SPECIAL, INC.,
Santos Alonso-Maldonado, President,

Defendants.

## OPINION AND ORDER

## INTRODUCTION

Defendant Adcom Group, Inc. (hereinafter "Adcom") filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction as to plaintiff Frank Gener Vilar's (hereinafter "Gener") claims for copyright infringement. (**Docket No. 137**). Co-defendant Supermercados Mr. Special filed a brief Motion Adopting Motion to Dismiss. (**Docket No. 139**). Defendants Adcom and Mr. Special seek to invalidate this federal action for lack of subject matter jurisdiction by producing a certificate of registration from the Copyright Office showing the photographs at issue are a compilation and the certificate lacks the date of first publication.

On March 11, 2008, plaintiff Gener filed his timely Objection to ADCOM's Motion to Dismiss rebutting defendants' submission by filing copy of corrective registrations with the Copyright Office, which supplements the original certificate. Plaintiff also discusses the case law in support of defendants' averments. (**Docket No. 142**).

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 2

On March 19, 2008, ADCOM filed a reply and Gener submitted a request to file a sur-reply but failed to file the reply in a timely fashion. (**Docket Nos. 145, 152**).

These motions are now ready for disposition upon having the parties already consented to this Magistrate Judge to exercise jurisdiction for all further proceedings.  Trial has already been scheduled for April 29, 2008.  (**Docket No. 119, 125**).

Upon a careful review, this Magistrate Judge opines defendants' request for dismissal should be DENIED.  A brief discussion follows.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[1]  Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing to abrogated Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957));[2] *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[3]

---

[1]  Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

[2]  Not every issue raised by the denial of a pretrial motion to dismiss may be reached on collateral order appeal; indeed most may not be.  Asociación de Subscripción Conjunta v. Galarza, 484 F.3d 1, 21 (1st Cir. 2007) (citations omitted).

[3]  No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic, 127 S.Ct. at 1974.

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 3

      To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

## LEGAL ARGUMENTS

      Defendants have raised plaintiff Gener is seeking statutory damages in this civil action upon a claimed copyright infringement over some one hundred and twenty two (122) photographs which are part of a compendium comprising more than four hundred (400) photographs which were registered with the Copyright Office.  Only one (1) copyright certificate of registration by Gener appeared as to the visual arts registration, which defendants attached to their Motions to Dismiss. *Defendants' Exhibit 1*.   Additionally, defendants claim the certificate's lack of notice, as to the date of first publication goes to the validity of the certificate, for which reason absent an enforceable registered copyright, the Court has no subject matter jurisdiction.

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 4

Plaintiff Gener in opposition submits the cases which address registration flaws that were submitted by defendants rest on flawed reconstructive deposit copies with the Copyright Office, which is not applicable to his case.  Plaintiff Gener submits that, since he filed the sole copies of the photographs which remained with him after Adcom had acquired the originals under a prior state court judgment, he did not file reconstruction of these photographs, but rather copies of his actual work.   Plaintiff Gener also indicates the cases, wherein defendants discuss compilation of photographs, allege instances in which the holder of the copyright of the compilation was different from the holder of the copyright in the underlying work.  Gener, on the other hand, is the creator of the original work as well as, being established *prima facie* by the certificate of registration of copyright, the holder of a registration in the compilation itself.[4] Furthermore, Gener's initial registry of his individual works as a compilation thereafter was object of a corrective registration with the Copyright Office.  *Plaintiff's Exhibits I and II.*

**A.  Collective Works or Compilation.**

Adcom discusses that a compilation is a work formed by the collection and assembling of preexisting materials or data which may be protected by copyright. The copyright in the compilation protects only the selection, coordination or arrangement, which is sufficiently

---

[4]  The definition of composite work is usually understood as those to which a number of authors have contributed distinguishable parts, which they have not however separately registered.  See definition of Judge Learned Hand, in Shapiro, Bernstein & Co. v. Bryan, 123 F.2d 697, 699 (2d Cir. 1941) (cited with approval in Markham v. A.E. Borden Co., 206 F.2d 199 (1st Cir. 1953)).

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 5

original, of the pre-existing materials. *See* 17 U.S.C. § 101,[5] 103;[6] <u>Feist Publication Inc. v. Rural</u>

<u>Telephone Service Co.</u>, 499 U.S. 340, 111 S.Ct. 1282 (1991).  The copyright in a compilation

work does not include an exclusive right in the preexisting material used in the compilation. *See*

17 U.S.C. §103(b); <u>Faulkner v. National Geographic</u>, 409 F.3d 26, 34 (2ᴅCir. 2005). Therefore,

the authors of the contributed works retain the copyright in their independent works.  As such,

when a freelance author has contributed an article to a collective work, copyright in the

contribution vests initially in its author, while copyright in the collective work vests in the

collective author and extends only to the creative material contributed by that author not to the

pre-existing material employed in the work.  *See* <u>New York Times Co., Inc. v. Tasini</u>, 533 U.S.

483, 121 S.Ct. 2381 (2001).

      Defendants submit, however, that if the proprietor of a registered collective work wishes

to file suit for infringement of a work included in the compilation, the individual work has to be

registered as well, in order for the Court to have jurisdiction or make an award of statutory

---

[5]     A "collective work" is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole. *See* footnote 4, Judge Learned Hand's definition above.

      A "compilation" is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works.  17 U.S.C. §101.

[6]     (a) The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.
    (b) The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material. 17 U.S.C.A. §103.

damages. *See* Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106 (1st Cir. 1993).  Since

Gener's certificate of registration is not for the works he now attempts to protect individually but

is one for a particular series of collective works [or photographs], Adcom has not infringed on

said compilation.

Notwithstanding above, the Court of Appeals for the First Circuit indicated in Gamma

Audio, a case cited by defendants, that under the regulations promulgated by the Copyright

Office, the copyright of multiple works may be registered on a single form and, thus, considered

one work for the purpose of registration while still qualifying as separate works for purposes of

awarding statutory damages. *See* Gamma Audio & Video, Inc. v. Ean-Chea , 11 F.3d at 1118.

On the other hand, in CoStar Group Inc. v. Loopnet Inc., 164 F.Supp.2d 688 (D. Md. 2001),

*affd.* 373 F.3d 544 (4th Cir. 2004), the court's determination of the correct number of statutory

damage awards was dependent on what constitutes a work and whether CoStar registered its

photographs as a compilation or as separate works on the same registration.

Defendants have submitted that plaintiff Gener may not claim an individual copyright

infringement upon having registered solely a compilation of the photographs.  Although there

appears to be a division of authorities over whether the copyright registration is determinative

of the number of works or whether the determinative factor is whether each work is

independently copyrightable, the controversy stems generally on the number of separate

statutory damages to be awarded and not on lack of cause of action nor as to the absence of

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 7

a valid registration.[7]  *See* Schiller & Schmidt, Inc. v. Nordisco Corp., 969 F.2d 410 (7th Cir. 1992) (competitor could infringe specific copyrighted materials within holder's business supply catalogue without infringing compilation -dealing with catalog of office supplies, product descriptions and prices, together with photos of the products).   A plaintiff would not be entitled to statutory damages for continuing infringement that commenced before registration since the copyright registration certificate provides incentive on potential infringers as to constructive notice of ownership and the facts stated in the registration certificate from date of registration. *See* Latin American Music Co. v. The Archdiocese of San Juan, 499 F.3d 32, 40 (1st Cir. 2007); *see also* Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 67 (1st Cir. 1997) (constructive notice of a valid copyright is presumed upon registration).  Under federal copyright law, remedies for infringement are tied to copyright registration, which provides incentive for owners to register copyrights and also provides potential infringers with an incentive to check the federal register.

Pursuant to above, defendants' request for dismissal on grounds of the original certificate of registry covering only a compilation or collective works is insufficient.

**B.  Missing Information, Mistakes or Incorrect Information on the Certificate  and Subject Matter Jurisdiction.**

Adcom also claims as grounds for dismissal that, if the certificate is considered valid, the original registration failed to indicate the date of first publication and such omission, by leaving

---

[7]  To this end, notice is taken that the amended registration of the 2001 certificate with the Copyright Office, itemizing the photographs, appears dated February 28, 2008.

the required section in blank, makes the certificate unenforceable as incomplete. *Certificate of Registration, Section No. 3*. Defendants equate such omission with the one in Watkings v. Chesapeake Custom Homes,[8] wherein information the architectural design was derivative work and included a false and material statement that the person had permission to use these architectural plans was left out.

Still, immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration. Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1161-1163 (1st Cir. 1994).[9] A mistatement or clerical error in the registration application if unaccompanied by fraud[10] will not invalidate the copyright nor render the registration certificate incapable of supporting an infringement action. *See* Data General, 36 F.3d at 1161 (citing Eckes v. Card Prices Update, 736 F.2d 859, 861-862 (2d Cir. 1984)).

Plaintiff Gener does not rebut the fact that the original certificate lacked the date of first publication and submits it was a good faith registration prepared by former counsel and it was corrected by an amended registration. In addition, defendants have been always on notice the

---

[8]  330 F.Supp.2d 563 (D. Md. 2004).

[9]  The Court of Appeals for the First Circuit declined to incorporate Data Gene. Corp. as to immaterial and inadvertent errors in an application for copyright when ruling Torres Negrón v. J & N Records, LLC, but mostly because immaterial errors are those not likely to have led the Copyright Office to refuse the application and Torres Negrón had omitted the deposit was not a valid copy but a reconstruction. It further stated therein that incorrect date of creation easily qualifies as immaterial because the Copyright Office's decision to issue a certificate would not be affected. Torres Negrón, 504 F.3d at 158.

[10]  Adcom has previously advanced omission and mistatements in the registration which was object of this Magistrate Judge's consideration in report and recommendation and the order indicated there was no particular proof of intent to defraud shown to the court. Docket No. 106, Report and Recommendation on Summary Judgment, filed August 28, 2007; Docket No. 133, Order issued December 27, 2007.

claims as to copyright infringement were for unauthorized use of individual photographs. Plaintiff submits also that even the defendants provided during discovery record of usage for each individual photograph. Much more so, errors in original registration as cited by herein defendants, do not affect subject matter jurisdiction.

In discussing Torres Negrón v. J.N. Records, 504 F.3d 151 (1st Cir. 2007), the Court of Appeals for the First Circuit refers to the copy of the song which was deposited as part of the copyright application as not being a valid deposit copy but rather a reconstructed version of the song.[11] In said instance, the copy was held not valid and not to satisfy the statutory requirement for a valid registration. Absent such valid registration, the court would lack jurisdiction to entertain plaintiff's claims for copyright infringement. On this premise, defendant Adcom submits the invalid copyright registration makes plaintiff Gener's claim also invalid for having omitted in the original application for copyright information as to the first date of publication, as well as by having submitted an application for a compilation of the photographs and not the individual photos. Defendants conclude that, lacking a valid copyright, this court would be devoid of subject matter jurisdiction.

Subject matter jurisdiction is a threshold matter which may be raised at any time, even on appeal since, without jurisdiction, the court cannot proceed at all in any cause. This district court's subject matter jurisdiction herein is initially based on Title 28, United States Code,

---

[11] An applicant's reconstructed version of a song, one which he created at the time of his copyright application without access to the original work, was not a "copy" of the song necessary to satisfy the statutory requirement that a deposit copy of the work be submitted with the application. 1 Lindey 3d 1:82, *Copyright formalities – Registration*.

Section 1331 (federal question) and 1338 (copyright laws). Such broad underlying jurisdiction is supplemented by the specific statutory provisions of the copyright laws, specifically, Title 17, United States Code, Section 411(a) which sets forth the jurisdictional prerequisite that no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title. *See* Title 17, United States Code, 411(a) (2000).

Henceforth, as claimed by defendants herein, registration is a jurisdictional requirement and precludes the maintenance of an infringement action until such time as the purported copyright holder obtains a valid registration.   Melville B. Nimmer & David Nimmer, 2 *Nimmer on Copyright* §§ 7.16[A][1], 7.16[B] (1997).

Although some circuits require that a plaintiff actually obtains a certificate from the Copyright Office before bringing suit, the Fifth Circuit requires only that the Copyright Office actually receives the application, deposit, and fee before a plaintiff files an infringement action. *See* Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir.1991).   The Fifth Circuit has further determined that such jurisdictional defect, when the complaint was filed four days prior to the Copyright Office receiving the application, may be cured when plaintiff has supplemented or amended a complaint once it has registered the copyright. *See* Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357 (5th Cir. 2004).[12]   Other courts require that a copyright

---

[12]   A plaintiff may cure its failure to comply with Section 411(a) by amending the complaint once it has registered the copyright since it is consistent with the principle that technicalities should not prevent litigants from having their cases heard on the merits.  Positive Black Talk, Inc., 394 F.3d at 366 (citing Mathews v. Díaz, 426 U.S. 67, 73-76, 96 S.Ct. 1883 (1976)).

owner actually registers the copyright or receives an actual denial of registration[13] prior to bringing suit for infringement.  *See* La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200 (10th Cir. 2005).

In the present case, defendants' claim is rather that the original registration would not be enforceable because of misstatement, lack of information as to the date of first publication.

In determining the materiality of a misstatement in a copyright registration, courts examine whether the inaccuracy might have influenced the Copyright Office's decision to issue the registration. *See* Data General, 36 F.3d at 1161 (in general, an error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application); Eckes, 736 F.2d at 861-62 ("'[K]nowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action " (quoting Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc., 482 F.Supp. 980, 988 (S.D.N.Y.1980)).  *See* Raquel v. Education Management Corp., 196 F.3d 171 (3d Cir. 1999) (finding a mischaracterization in an audiovisual work application as to a song which falls as musical work was material since it would have caused the rejection of the application by the Copyright Office and it could not be corrected through a supplemental application which described the work).

---

[13]  If registration has been refused, applicant may institute action for infringement if notice thereof, with copy of the complaint, is also served on the Register of Copyrights.

The lack of date of first publication would not preclude a copyright infringement action for lack of jurisdiction as claimed by herein defendants.[14]   The date information in the application allows certain benefits for registered work in that, when filed before or within five (5) years after the date of its first publication, the validity of the copyright and the facts stated in the Certificate constitutes *prima facie* evidence.  The presumption of the copyright validity applies if the Certificate of Registration is applied for within five (5) years of first publication, but the presumption does not become weaker when the author first applies for registration close to this five-year cutoff.  The evidentiary weight to be afforded to the Certificate of Copyright registration made after five (5) years is within the discretion of the Court. *See* PATLAW §6:116.[15]

Defendants herein have alleged plaintiff Gener's single application for the photographs at issue, together with additional photographs, would not allow his copyright infringement action.  However, the Copyright Office allows for a single registration for a group of related works and Title 17, United States Code, Section 408, has authorized, although does not require, the Register of Copyrights to make regulations for single registrations.   *See* 37 C. F. R. 202.3 (I).  It also allows group registration of photographs in a single application when the copyright claimant in all the photographs are the same, the photographer who photographed each of the

---

[14]   Unlike a patent, a copyright registration is not a prerequisite to protection and registration is only necessary as a condition precedent to bringing suit for infringement, although registration does not create the cause of action for copyright infringement.   A party may sue for copyright infringement notwithstanding refusal by the Copyright Office to register its copyright.

[15]   *See* Patent Law Fundamentals §6116 (2008).

photographs submitted for registration as part of the group was the same, the photographs in the group must have been published with the same calendar year [which was complied by plaintiff in the supplemental application], the photographs in the group were all published on the same date, the state of publication must be identified in space 3b of the application [*id*.].

Plaintiff has filed with the Copyright Office a supplemental registration, as allowed under Title 17, United States Code, Section 408 (d) and 37 C. F. R. 201.5. Supplementary registration is not appropriate if it is used: A) as an amplification, to reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work; or (B) to correct errors in statements or notices on the copies of phonorecords of a work, or to reflect changes in the content of a work. 1 *The Law of Copyright* §10:40. As provided in section 408(d) of Title 17, the information contained in a supplementary registration augments but does not supersede that contained in the basic registration. The basic registration will not be expunged or cancelled. *See* 37 C. F. R. 201.5(b); *see also* MiTek Holding, Inc. v. Arce Engineering Co., Inc., 89 F.3d 1548 (11th Cir. 1996) (the supplemental registration therein was made to correct the date of first publication that had been initially listed incorrectly); Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc., 602 F.Supp. 151, 153 (D.C. N.Y. 1984) (absent a showing of fraud, copyright certificate was valid and constituted *prima facie* evidence of ownership, even though date of first publication on certificate was inaccurate).

The supplementary registration does not expand the existing registration but merely corrects or amplifies it.  When a court allows a supplementary registration to change the classes of the works claimed but called the change one of content of the work, the result is to deny plaintiff's statutory damages not to invalidate the certificate or upon being invalid to consider lack of jurisdiction.

Adcom additionally has indicated in its reply opposition that plaintiff Gener's corrective registration of the individual photographs should not be allowed at this stage of the proceedings. In order for a certificate of copyright registration to constitute *prima facie* evidence of validity, it must have been acquired, within five (5) years of first publication.  Still, registration after those five (5) years of first publication does not invalidate the registration or the copyright, it only removes the *prima facie* presumption of validity.    *See* 141 A.L.R. Fed. 507, *Invalidity of Copyright as Defense to Copyright.*[16]

Absent such *prima facie* presumption, the burden of proof then would begin with the plaintiff to show evidence that the copyright is valid.  For this reason, the sooner a plaintiff obtains registration, the better. Infringement action as to plaintiff's possession of certificate of copyright registration shifts the burden to defendant to prove invalidity of plaintiff's copyrights. 17 U.S.C.A. 410(c); *see* Liberty American Ins. Group, Inc. v. WestPoint Underwriters, L.L.C., 199 F. Supp. 2d 1271 (M.D. Fla. 2001).  However, the presumption of validity is rebuttable and does not resolve the copyright ownership issue since district courts have discretion to make

---

[16]  In Cameron v Graphic Management Assocs., Inc., 817 F Supp. 19  (E.D. Pa. 1992), the court held that the defendant was wrong in asserting that the plaintiff's delay in registration caused the copyright to be invalid.

Frank Gener-Villar d/b/a Gener Advertising v. ADCOM Group, Inc., et al
Civil No. 03-1306 (FAB/CVR)
Opinion and Order
Page 15

independent determination in an infringement action as to whether a work is copyrightable.[17]

*See* Deborah F. Buckman, J.D., *Invalidity of Copyright as Defense to Copyright,* 141 A.L.R. Fed. 507; David E. Rigney, J.D., *What constitutes a "compilation" subject to copyright protection modern cases*, 88 A.L.R. Fed. 151; Jonathan M. Purver, LL.B., *Copyright, under Federal Copyright Act (17 U.S.C.A. 1 et seq.), in advertising materials, catalogs, and price lists,* 5 A.L.R. Fed. 625.[18]

Considering the above discussed, this Magistrate Judge finds defendants' request for dismissal for lack of subject matter jurisdiction is not warranted.

**CONCLUSION**

In view of the foregoing, the Motions to Dismiss by defendants Adcom and Mr. Special are DENIED **(Dockets No. 137, 139)**.

IT IS SO ORDERED.

San Juan, Puerto Rico, 1st day of April of 2008.

S/ CAMILLE L. VELEZ RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE

---

[17] Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center of Contemporary Dance, Inc., 380 F.3d 624 (2nd Cir. 2004) (copyright registration certificates were not *prima facie* evidence by containing misstatement and misinformation as to works being unpublished yet did not deprive the court of jurisdiction to entertain claims of infringement of dances created by choreographer).

[18] Although registration listed the author incorrectly, the Court entertained action to determine applicable defenses and supplemental registrations properly identified the author since the 1976 Copyright Act provides for prima facie evidence as well as for the courts to provide the evidentiary weight at its discretion. Title 17, United States Code, Section 410(c); Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149 (2d Cir. 2003).