IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANK GENER-VILLAR D/B/A
Gener Advertising,

Plaintiff,

v.

ADCOM GROUP, INC.,
Debbie Alonso, President,
SUPERMERCADO MR. SPECIAL, INC.,
Santos Alonso-Maldonado, President,

Defendants.

CIVIL NO. 03-1306 (FAB/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Defendant Supermercados Mr. Special, joined by co-defendant Adcom Group, Inc., (hereinafter defendants "Mr. Special" and/or "Adcom") filed a Motion for Reconsideration, a Motion Pursuant to Rule 52(b) and a Motion to Amend Finding of Facts and Conclusions of Law. (Docket Nos. 165, 166, and 167). Plaintiff Frank Gener-Villar (hereinafter "plaintiff Gener") filed the Joint Motion and Memorandum of Law Opposing Motions by Defendants (Docket No. 171).

After a three-day bench trial held on April 29-30 and May 1, 2008, plaintiff Gener obtained a verdict in his favor on the copyright infringement against defendants Adcom and Mr. Special. These defendants did not present witnesses nor documentary evidence, limited themselves to cross-examination of plaintiff's evidence, which included the testimonies of Mr. Santos Alonso-Maldonado and Ms. Debbie Alonso, the respective Executive Presidents of the defendants corporations, Adcom and Mr. Special. This Magistrate Judge issued and Opinion

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 2

and Order finding that defendants Adcom and Mr. Special had incurred in liability for the willful infringement of plaintiff Gener's copyright and, as such, plaintiff was entitled to recover statutory damages. (Docket No. 162). Judgment was entered accordingly for damages and equitable injunctive relief as to defendants Adcom and Mr. Special, jointly and severally, for a total amount of Eight Hundred Eighty Five Thousand Six Hundred Dollars ($885,600.00), plus costs and attorney's fees. (Docket Nos. 162, 163).

Mr. Special now seeks in its Motion under Rule 52 (b) to include its version of findings of facts which it considers relevant to the judgment entered and the compensation and remedies therein granted for plaintiff Gener. Mr. Special contends that Mr. Santos Alonso-Maldonado, President of co-defendant Mr. Special, did not act in his personal capacity but as corporate officer. (Docket No. 165).

In its Motion under Rule 59(a) and (e), defendant Mr. Special and appearing Mr. Santos Alonso-Maldonado, seek to amend the judgment entered and to dismiss the complaint as to both parties. In the alternative, they seek a new trial. As issues to be determined in said motion, defendant Mr. Special and Mr. Santos Alonso-Maldonado submit: (1) the latter cannot be held liable for decisions taken in the capacity of President of Mr. Special; (2) the Court allowed, over their objections, the amendment of the complaint through the testimony of plaintiff Gener; (3) vicarious liability does not apply to Mr. Special; and (4) plaintiff Gener's failure to notify Mr. Special and Alonso-Maldonado of his copyright is a violation of the unclean hands doctrine. The main gist of the motion still evolves as to a concern the judgment issued

in favor of plaintiff Gener could impose personal liability on Mr. Santos Alonso-Maldonado, as well as seeking to amend any vicarious liability as to Mr. Special. (Docket No. 166).

Co-defendant Adcom's Motion to Amend Findings of Facts and Conclusions of Law seeks to clarify that Ms. Debbie Alonso, President of Adcom, was never served as an individual defendant. It also seeks to add some findings of fact regarding custom and usage, blanket license agreement with plaintiff Gener, collective registration of the photographs object of copyright infringement action, among others. It also recasts arguments already discussed in this Court's previous opinions and orders as to artistic craftsmanship of the photograph, originality, joint authorship and implied license. (Docket No. 167).

Plaintiff Gener has submitted a joint response to above defendants' motions. (Docket No. 171).

## ANALYSIS

**A.   Mr. Special's /Rule 52(b) Request to Include Additional Findings of Fact (Docket No. 165).**

Under Federal Rule of Civil Procedure 52(b), a party may request the Court to amend or make additional findings of fact within ten (10) days after entry of judgment. Co-defendant Mr. Special, Inc., and Mr. Santos Alonso-Maldonado are requesting findings be added as to Mr. Alonso-Maldonado not being liable for the alleged copyright infringement in his personal capacity.

The Amended Complaint prayer for relief was for Mr. Special and Adcom to be found jointly and severally liable for willful copyright infringement. (Docket No. 11). The Answer to

Case 3:03-cv-01306-FAB   Document 181   Filed 07/02/08   Page 4 of 20

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 4

the Amended Complaint was filed solely by Mr. Special Supermarkets, Inc. (Docket No. 14). The defendants which were summoned and who appeared in this lawsuit, at all relevant times, were Adcom Group, Inc. and Mr. Special Supermarkets, Inc.

In addition, this Court received no evidence as to Mr. Alonso-Maldonado in his personal capacity nor included any findings thereof in the Opinion and Order nor in the Judgment issued. Thus, the petition is not relevant to the issues before the Court. Evidently, a matter such as personal liability of non-parties to the lawsuit, which was not subject to evidence or discussion during trial, need not be included in this Court's findings of fact.

In sum, although defendants now seem to have a subjective concern regarding individual appearing parties Mr. Santos Alonso-Maldonado and Ms. Debbie Alonso, nowhere in the supporting findings of law, the conclusions of law or judgment entered accordingly, was Mr. Santos Alonso-Maldonado or Ms. Debbie Alonso referred as defendants or individual parties to this action nor was liability imposed on them personally. (Docket No. 163).

Accordingly, the request to include and/or amend the findings in this Magistrate Judge's Opinion and Order regarding Mr. Santos Alonso-Maldonado (Docket No. 162) is DENIED.

We shall then address the individual defendants, Adcom and Mr. Special, submissions in their respective motions.

**1. Corporate Existence and/or Individual Corporations.**

Mr. Special is now submitting as proposed facts that it does not intervene in the actual work performed by Adcom as to the shoppers or the selection of photograph and materials.

Mr. Special also claims it was not informed of which of Adcom's employees would perform the work for these shoppers.

Matters proposed as to the production of the shoppers, the billing process, and knowledge of authorship of the photographs used in same, were already object of this Magistrate Judge's Opinion and Order and findings to the contrary would be unsupported by the evidence and credibility determinations at trial.

As such, Mr. Special Supermarkets' request to add findings of fact 4 (g through n) is DENIED.

**2. Unclean Hands Doctrine.**

Mr. Special also submits plaintiff Gener failed to inform for over two (2) years that the photographs were copyrighted, which notice would have prevented use of the photos or allowed this defendant to take the necessary steps not to use them. Mr. Special indicated that as soon as the Court of Appeals for the First Circuit reversed the judgment of the District Court dismissing plaintiff Gener's copyright claim, it ceased using these photographs. This request, also joined by co-defendant Adcom, would fall under the unclean hands doctrine. (Docket No. 168).

Regarding lack of notice, throughout the proceedings, Mr. Special has attempted to bring innocent infringer status since the reinstated summary judgment was filed and denied (Docket No. 99). Had trial evidence shown that Mr. Special was not aware and had no reason to believe its acts constituted infringement, the willful violation determined in this Magistrate

Judge's Opinion and Order would not have been made as to this defendant. The summarized evidence indeed established insofar as Mr. Special that:

- Mr. Special had a special interest in controlling the content of each shopper, including approving same and requesting changes;

- Copies of each picture taken by plaintiff Gener were attached to the invoices;

- Although Adcom filed suit in the state courts against Gener for ownership of the tangible photographs, both Adcom and Mr. Special were aware since May 2000 that Gener was claiming his rights under copyright law in regard to the photographs at issue. When the state court ruled the photographs and computer disk belonged to Adcom, it particularly declined to rule as to any copyright issue indicating lack of jurisdiction over the subject matter;

- The President of Adcom, Ms. Debbie Alonso, informed her father, Mr. Santos Alonso-Maldonado, President of Mr. Special, of the state court litigation by Gener;

- Mr. Special was aware in particular that the photographs had been removed from Gener's computer and deposited with the court;

- At no time during the litigation Mr. Santos Alonso or Mr. Special asked Adcom to stop using Gener's photographs;

- Mr. Special knew by notations on the invoices which photographer had produced a given photo;

- Gener recognized his photographs were being used and published around January 3, 2002. Gener also identified photographs used from January 7, 2003 through July of 2003 in Mr. Special's shoppers;

- Gener filed this copyright action in federal court in July of 2003;

- It was not until the Court of Appeals for the First Circuit vacated the District Court decision in the year 2006 that the photographs were no longer used by the defendants upon advise of counsel. *See Opinion and Order, Docket No. 162, Findings ¶¶35-39, 42-43, 47-48, 58-63*.

This Court has concluded, pursuant to the evidence presented at trial, that Mr. Special did not take any action to find out which photos were being used in its shoppers even though it had knowledge of the disputes regarding Gener's claims over the photographs. As such, Mr. Special cannot now claim an unclean hands defense or that it expects an amendment to this Court's findings that are contrary to the evidence admitted at trial in this case.

**B. Rule 59(a) and (e) to Amend Judgment. (Docket No. 166).**

Mr. Special seeks to amend judgment and include additional findings as to the following:

**1. Amended Pleadings by the Evidence at Trial.**

Co-defendant Mr. Special seeks to amend judgment under Rule 59(a) for the complaint had claimed infringement of sixty four (64) photographs while the trial evidence and the judgment considered infringement of one hundred and fifty four (154) photographs. Defendant

Case 3:03-cv-01306-FAB   Document 181   Filed 07/02/08   Page 8 of 20

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 8

seeks this Court to reconsider the amendment of the complaint as allowed by the evidence presented at trial.

Adcom produced, with its answer to interrogatories submitted on January 30, 2004, a list of all other photographs belonging to plaintiff Gener's collection, which consisted of 482 still photographs, that Adcom had reproduced, distributed or placed in ad campaigns for Mr. Special Supermarkets, Inc., and other clients. *Opinion and Order ¶65.* For purposes of comparison Adcom was provided with copies of the 482 photographs. Two (2) years later, Adcom answered the interrogatory under penalty of contempt sanctions, and attached a list of the photographs and the dates in which these were used in the shoppers or press ads. *Id. ¶66.*

A trial court should liberally allow amendments to pleadings, if prejudice does not result, regarding amendment of pleadings to conform to evidence. It should particularly be allowed when there has been an implied consent, which may be understood by a party's failure to adequately object. Conjugal Partnership Comprised by Joseph Jones v. Conjugal Partnership Composed by Arthur Pineda, 22 F.3d 391 (1st Cir. 1994) (allowing affirmative defense of mitigation to be considered amended by the evidence). It is settled that [w]hen there is no prejudice and when fairness dictates, the strictures of [the raise or waive] rule may be relaxed. *See* Jakobsen v. Massachusetts Port Authority, 520 F.2d 810, 813 (1st Cir. 1975); Fed.R.Civ.P. 15(b).[1]

---

[1] Rule 15(b) provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 9

Plaintiff Gener sought to introduce, and was allowed over defendants' objection[2], the number of photographs infringed pursuant to defendant Adcom's sworn list produced through discovery, as shown in Adcom's 32-page list of Gener's 482 still photographs. This established that from May 2001 up to March 2006, a total of one hundred and fifty four (154) of Gener's photograph were published by Adcom without Gener's consent. *Id.* ¶67. Thus, the evidence produced by defendants in discovery, which was introduced at trial, was considered to have amended the pleadings.

In support of our conclusion we recognize that implied consent is generally found where the opposing party actually produced evidence on the new issue. *See* Law v. Ernst & Young, 956 F.2d 364, 375 (1st Cir.1992); Lynch v. Dukakis, 719 F.2d 504, 508 (1st Cir.1983); Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 457 (1st Cir. 1982); *see generally* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* 1493 at 28 (1990) (citing cases).

Thus, the request to withdraw findings of the number of photographs that the evidence at trial was considered as to have amended the pleadings is DENIED.

---

motion of any party at any time even after judgment; but failure to do so does not affect the result of the trial of these issues. If evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

[2] No proper grounds were raised by defendants to support their objection.

### 2. Mr. Special's Vicarious Liability.

Mr. Special also seeks to avoid vicarious liability being imposed as to actions regarding the use of Gener's photographs by co-defendant Adcom, who is considered an independent contractor. Co-defendant Mr. Special submits vicarious liability applies only if a defendant profits directly from the infringement and it has the right and ability to supervise operations of the direct infringer.

Mr. Special's request to avoid vicarious liability is in direct contradiction to the evidence presented at trial and to the findings of this Court. The findings of this Court were not grounded on Ms. Debbie Alonso being the daughter of Mr. Santos Alonso-Maldonado as defendant Mr. Special submits. Rather, the findings of this Court were based on the evidence presented at trial which sustained the following:

- Adcom conducts all the publicity for the Mr. Special supermarket chain, including the publishing of the shoppers widely distributed by Mr. Special;

- Mr. Special approves an annual budget for Adcom to publish the shoppers, flyers and newspapers ads, and requires Adcom to stay within that budget;

- Gener, as a graphic artist, had an independent contract with Adcom as to the photographs for publicity, which was mainly for the biweekly publication of two Mr. Special shoppers per month;

- Gener's final product for each shopper was camera-ready artwork—that is to say, fixed-form or unalterable artwork ready for printing—which was sent off to

Case 3:03-cv-01306-FAB   Document 181   Filed 07/02/08   Page 11 of 20

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 11

Ramallo Printers to have the shoppers printed. The printed shoppers were delivered to Mr. Special to distribute at the supermarkets, or through newspapers and/or magazines;

- Gener began to photograph the products Mr. Special requested to be pictured in the shoppers, and was paid $45.00 per picture for the time he would spend taking and manipulating the picture;

- Mr. Special would provide Adcom with a list of the products it wanted to have featured in a particular Mr. Special flyer, shopper or newspaper ad. Mr. Special's list would provide a complete description of each product which was to appear photographed in the shopper. At times Mr. Special would provide the photograph to be used in the shopper; if a photograph was not provided, it had to be taken;

- At times, Mr. Special would order Adcom to take new photographs of products and of generic goods such as lettuce or pork chops. The new photos were taken to "freshen" the photographs, either because the product had changed or because the current photograph was considered "stale" from having been used many times;

- At times, Mr. Special would ask Adcom to make changes in the layout to highlight a particular product or to take a new picture. Adcom would transmit that request to Gener, who would satisfy Mr. Special's request;

Case 3:03-cv-01306-FAB   Document 181   Filed 07/02/08   Page 12 of 20

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 12

- Mr. Special has a special interest in controlling the contents of each shopper since Mr. Special's wholesale suppliers would pay Mr. Special money or give it a discount on its products in order to have the products appear in the Mr. Special shopper;

- As a result of the discounts and money payments from suppliers, Mr. Special would give orders to Adcom, specifying in detail the particular product, and the size and prominence that each product should have in its shopper. The layout of each shopper would have slots designated for product photos. If Mr. Special designated a product for one of those slots, a photograph of that product would appear in the designated slot of the layout;

- During the time Gener prepared shoppers for Adcom, Mr. Special would meet with all its departments before the shopper was printed, review the contents, and approve the shopper or request last minute changes to be made prior to printing;

- As part of Gener's billing process for the pictures, at Adcom's request, Gener included with the invoice and purchase orders not only the list of products that Mr. Special had requested to be photographed, but also a printout copy of the pictures taken. Gener would print out color copies of each picture and attach them to the invoices turned in and those kept with his records. The printouts were exact copies of the photographs as taken and manipulated to an acceptable finish by Gener, then stored in his external hard drive.

Although above findings are not exclusive, they evidently show Mr. Special benefitted and profited from the infringement of Gener's copyrighted works and had the ability to supervise the art work submitted for publication of its shoppers.

Furthermore, it was also established Mr. Special, through its President Mr. Santos Alonso-Maldonado, had knowledge of the dispute at state court and federal court level in regards to Gener's work. Adcom's principal, made her father Santos Alonso (Mr. Special's principal) aware through conversations of Adcom's Commonwealth Court litigation. In the course of the litigation in Commonwealth Court, Gener's computer archive was impounded. At the time the Court took the computer disk, Mr. Special was aware that certain photographs had been removed from Gener's computer and deposited in the Court, and that those photos in consequence could not be used. *See Opinion and Order, Docket No. 162, Findings ¶¶ 17-27, 29, 42-43.*

As discussed, the proposed findings to avoid vicarious liability by Mr. Special are DENIED.

**3. Unclean Hands.**

In support of its Rule 59 request, Mr. Special also brings the doctrine of unclean hands by plaintiff Gener for having not directly notified them as to the copyrighted works. Findings of fact ¶63 of this Court of its Opinion and Order stated: "it would have been futile for Gener to ask Adcom and Mr. Special to stop using his photographs, since he had warned Adcom from the beginning of the litigation in the Commonwealth Court that he was claiming copyright rights

over the photos, and that did not stop Adcom from continuing to use the photographs. It was only after the First Circuit Court of Appeals vacated the initial dismissal of this federal action in 2006 –three years after commencement of the current action– that Adcom ceased using the photographs, under advice of counsel."

Additionally finding of fact ¶64 found: "As during the Commonwealth Court litigation, following the filing of the federal claim, Mr. Special took no action to try and find out if Gener's photos were being used in Mr. Special's shoppers, or to ensure that Gener's photos were not used in its shoppers."

Notwithstanding, in regard to those photos that were published prior to Gener's initial copyright registration, the Opinion and Order clearly indicated, these were not subject to statutory damages. Only the remainder one hundred and thirty five (135) photographs first published on or after July 18, 2001, are being subject of statutory damages.

When a district court considers to grant or not equitable relief, one factor to be considered is the extent to which plaintiff has engaged in misconduct.[3] This Court has found no grounds to find that plaintiff Gener's actions fall under the unclean hands doctrine.

**C. Adcom's Rule 52(e) Request for Additional Findings. (Docket No. 167).**

Adcom seeks to amend findings, which it considered incomplete, as well as conclusions of law in the Opinion and Order issued in this case. Plaintiff Gener's opposition states defendants are now reviving and re-introducing material this Court has explicitly disallowed and

---

[3] In conformity with the maxim "[h]e who comes into equity must come with clean hands". Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 241, 54 S.Ct. 146 (1933).

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 15

moving this Court to take notice of facts defendants declined to introduce at trial for lack of proper foundation or supporting evidence. Except for the petition to make an unnecessary finding that Ms. Debbie Alonso was never served as an individual defendant, which the record clearly establishes and is a non-issue in this case, the findings of facts related to this action and the evidence before the Court were already adopted in this Magistrate Judge's Opinion and Order of May 28, 2008. (Docket No. 162).

We shall briefly below discussed defendant Adcom's proposition in its Motion to Amend Judgment.

**1. Proposed Findings of Facts.**

The arguments raised in paragraphs 2-4 that the compilation of photographs of a factual representation of products cannot be made intellectual property, were not works of artistic craftsmanship, and were not original work of authorship, were already addressed in the Opinion and Order. The work performed by Gener required manipulation, including cropping, lightening or darkening, adding or removing highlights, altering colors, rotating the image or replicating the image or portion of it to achieve a composition. *Docket No. 162, pp. 2, 8 ¶¶24-26.* The act of choosing one photo of a product over another is an indication of the photograph's originality. *Id. ¶50.* Gener's testimony at trial established that individual photographs were occasionally rejected in favor of others and that new photographs of the same product or item were taken when the existing photographs was considered by Adcom or Mr. Special to be "stale" or overused. This testimony was confirmed by the testimony of Rosso,

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 16

and Adcom's President, Ms. Debbie Alonso. The rejection of one photograph in favor of another, and the substitution of one photographs for another of the identical item on the grounds of "freshness" show that the photographs were considered by Adcom and Mr. Special to possess distinctive characteristics –in short, to possess the "originality" of creativity in addition to the originality of plaintiff's sole authorship. *Id. p. 23.*

Insofar as paragraphs 5-8 that Gener's photographs should be considered as a joint work and/or defendants having co-ownership over them, the defense was not considered waived and was allowed to be presented at trial. (Docket No. 133).[4] However, it was not therein established that Adcom had ownership of the copyright, so as to be able to reproduce Gener's photographs *at infinitum* and without compensation after termination of their contract.[5] Joint ownership over the copyright as to the photographs is considered different from ownership over the tangible goods. In fact, the testimony of Adcom's Comptroller, Ms. Emma Vilella, showed the company well knew that when it needed reproduction of some photographs, they obtained a license and paid a fee for a limited time with other photographers in writing for limited usage for prices far

---

[4] Affirmative defenses examined included, besides implied license and fraud, joint ownership as being a disputed issue since the onset of the controversy between Adcom and Gener. Adcom has always considered itself to be the owner of the photographs, which tangible property was determined by a state court final judgment in surrendering to them the diskette with the graphic art therein contained. (Docket No. 133, p. 7).

[5] Gener was working with Adcom on a freelance basis and paid a monthly fee. This fee operated as a blanket license, since it was paid to plaintiff Gener regardless of how much or how little creative work he put in to produce the shoppers that Adcom requested. Although Gener provided Adcom with camera-ready art, a completed layout ready for reproduction, it did not provide Adcom with workable files that Adcom itself could manipulated. (Docket No. 162, pp. 25-26).

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 17

higher than Adcom paid Gener under the blanket license. Thus, Ms. Vilella knew the photographs of Gener at issue were images subject to written licenses and usage restrictions and were copyright-protected.

As such, this Magistrate Judge determined Adcom was well aware that trade custom did not override copyright law and it failed to recognize the same as to those images produced by Gener after their work contract was cancelled. *Opinion and Order p. 30*.

Adcom's proposed findings of fact 2-12 are unwarranted and are not to be made part of this Magistrate Judge's Opinion and Order. Accordingly, they are DENIED.

**2. Adcom's Proposed Conclusions of Law.**

Adcom attempts once more to bring legal arguments as to implied license which were already discussed in a prior ruling barring such defense as being waived. *See order of December 27, 2007, denying defenses of implied license and fraud. (Docket No. 133)*.[6] Even more, the testimony of Ms. Debbie Alonso during trial, as well as the testimony of Adcom's Comptroller, Ms. Vilella, both presented by plaintiff Gener, are held not in support of their new belief of an implied license or joint ownership of the photographs at issue.

Ms. Debbie Alonso reiterated her belief that, since the onset of litigation with Gener, at state and federal level, she understood she could use the photographs whatever way she wanted because she owned them. The new proposed conclusions by defendant Adcom ¶10 as to the

---

[6] Defendant failed to timely raise the defenses which were submitted for the first time in the proposed pretrial order. Thus, it was considered that in the absence of narrow circumstances required for an implied license defense and the total absence of a written agreement that would erode the exclusive rights of copyright ownership vested in the creator of the contribution, together with the extensive prior litigation, Adcom was hindered from submitting the implied license defense.

Frank Gener-Vilar v. Adcom Group, Inc., et al.
Civil No. 03-1306 (FAB-CVR)
Opinion and Order
Page No. 18

existence of an implied non-exclusive license for the photographs at issue are contrary to the evidence submitted at trial.

If this defendant bifurcates the joint ownership above discussed, with the joint authorship it now seems to present as a proposed conclusion of law, the train has long passed the station.

A joint work is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. Title 17, United States Code, Section 101. Defendant's conclusions as to joint authorship and some applicable doctrine submitted in support, was never presented on the record nor during trial. *Docket No. 167, Adcom's ¶6-7.*

Even if we were to consider that defendant Adcom might have raised joint authorship as a defense during trial, which it did not, a claim of authorship of a joint work must be brought within three (3) years from its accrual. *See* John E. Theuman, J.D., *Construction and Application of 17 U.S.C.A. §507(b), Requiring that Civil Copyright Action be Commenced within 3 Years after Claim Accrued*, 140 ALRFed. 641 (1997). Since creation, not infringement, is the gist of such a claim, the claim of joint authorship accrues upon creation, not upon a subsequent infringement, and is thus barred three (3) years from plain and express repudiation of authorship. This finding of the action being time-barred within three (3) years is also a proposition discussed in the citation proposed by defendant Adcom in support of its request as to joint ownership. Aalmuhammed v. Lee, 202 F.3d 1227 (9th Cir. 2000). Furthermore, a state

court filing would not serve as a tolling event for a joint authorship claim under the copyright laws. Maurizio v. Goldsmith, 230 F.3d 518 (2d Cir. 2000).

Additionally, defendant Adcom could not sustain its request for a conclusion of law to be included for joint authorship. This requires that, even if it was not barred, at least defendant had shown it had control over the work and there was an objective manifestation of intent to be co-author.[7] Defendants did not present any evidence whatsoever at trial regarding joint ownership. Their limited cross-examinations of plaintiff Gener and his witnesses have not established if there was an independently copyrightable contribution to the disputed photographs and the factual premises to be established for joint authorship are absent in defendant Adcom's barren record.[8] Thus, defendants did not advance their joint authorship claim during trial. Forward v. Thorogood, 985 F.2d 604 (1st Cir. 1993).[9]

Accordingly, the conclusions of law propounded by defendant Adcom are DENIED.

## CONCLUSION

In view of the foregoing, defendants Adcom's and Mr. Special's, as joined by Mr. Santos Alonso-Maldonado and Ms. Debbie Alonso, motions are DENIED (Dockets No. 165, 166 and

---

[7] Raymond J. Down, *Copyright Litigation Handbook §2:14 and §8:5* (2d ed. 2007).

[8] Childress v. Taylor, 945 F.2d 500 (2d Cir. 1991).

[9] G.M. Buechlein, J.D., *What constitutes "joint work" under Federal Copyright Act (17 U.S.C.A. §§101 et seq.)*, 101 ALR Fed 119 (1991). In particular, see Section E. Other Works, §14(a) *Photographs –Held to be joint work.*

167), except as to the non-existence of individual liability of Mr. Santos Alonso-Maldonado and Ms. Debbie Alonso, which is considered a non-issue in this action requiring no further discussion, as above explained.

IT IS SO ORDERED.

San Juan, Puerto Rico, 2nd day of July of 2008.

                                                  S/ CAMILLE L. VELEZ RIVE
                                                  CAMILLE L. VELEZ RIVE
                                                  UNITED STATES MAGISTRATE JUDGE